# EXHIBIT 1

SUM-100

8/1/22
LA

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF SAN DIEGO, and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOE CORDERO, PATRICK FISHER, ROBERT RUDE, KRIS WALB, and All Others Similarly Situated.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/17/2022** at 03:32:18 PM

Clerk of the Superior Court
By Marfil Estrada,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

County of San Diego

330 West Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*

37-2022-00023593-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael A. Conger, Esquire, P.O. Box 9374, Rancho Santa Fe, CA 92067; (858) 759-0200

DATE: 06/20/2022
*(Fecha)*

Clerk, by **M. Estrada**, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* City of San Diego

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Public Entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**MICHAEL A. CONGER, ESQUIRE** (State Bar #147882)
**LAW OFFICE OF MICHAEL A. CONGER**
P.O. Box 9374
16236 San Dieguito Road, Suite 4-14
Rancho Santa Fe, California 92067
Telephone: (858) 759-0200
Facsimile: (858) 759-1906

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/17/2022** at 03:32:18 PM

Clerk of the Superior Court
By Marfil Estrada, Deputy Clerk

Attorney for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO

NOE CORDERO, PATRICK FISHER, ROBERT RUDE, KRIS WALB, and All Others Similarly Situated,

               Plaintiffs,

v.

CITY OF SAN DIEGO, and DOES 1-20, inclusive,

               Defendants.

 

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.   37-2022-00023593-CU-BC-CTL

COMPLAINT FOR BREACH OF WRITTEN CONTRACT AND MANDAMUS

1. Plaintiffs Noe Cordero, Patrick Fisher, Robert Rude, Kris Walb, are San Diego Police Officer and members of the City of San Diego's Special Weapons and Tactics ("SWAT") unit and also members of the Special Response Team ("SRT"). They bring this action on behalf of themselves and all other City of San Diego employees similarly situated, both active employees or former employees. (Collectively "plaintiffs.")

2. Defendant City of San Diego ("City") is a municipal entity established by charter pursuant to California Constitution, article XI, section 3.

3. The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 to 20, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names.

1

4.    Plaintiffs are informed and believes and thereon alleges that each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to plaintiffs as herein alleged.  Plaintiffs will seek leave of court to amend this complaint to set forth the true names and capacities of such named defendants when their identities become known to them.

5.    Plaintiffs are informed and believe and thereon allege that each defendant named in this action, including DOE defendants, at all relevant times, was the agent, ostensible agent, servant, employee, representative, assistant, joint venturer, and/or co-conspirator of each of the other defendants, and was at all times acting within the course and scope of his, her, or its authority as agent, ostensible agent, servant, employee, representative, joint venturer, and/or co-conspirator, and with the same authorization, consent, permission or ratification of each of the other defendants.

6.    In a series of Memoranda of Understanding ("MOU") between the City and the San Diego Police Officers' Association ("SDPOA"), the City has agreed that "SWAT officers that are members of the Special Response Team (SRT) will receive an additional 3.5% of employee base pay." ("SRT Pay.") Each of these memoranda has been duly approved by the City Council.

7.    Moreover, pursuant to San Diego Municipal Code section 24.0103, SRT Pay is pensionable, and should be included in plaintiffs' pension calculations.

## FIRST CAUSE OF ACTION

## BREACH OF WRITTEN CONTRACT

## AGAINST THE CITY AND DOES 1-10

8.    Plaintiffs incorporates all previous paragraphs of this complaint as if fully set forth here.

9.    The MOUs referred to in paragraph 6 apply to each of the plaintiffs. These are each written contracts.

10.    The plaintiffs, and the SDPOA, did all of the significant things that the MOU contracts required them to do.

2

11. The City breached the MOU contracts by failing to pay SRT Pay as required by these MOU contracts. Moreover, SRT Pay has not been included in plaintiffs' pension calculations, including those plaintiffs who have already retired or entered the City's DROP program.

12. Plaintiffs could not have discovered the City's failure to pay SRT Pay or include it in their pensions because the City's payroll system and pension system are exceptionally complicated. Therefore, the discovery rule applies. ("The 'discovery rule' is an exception to the general rule that an action accrues when appreciable harm occurs. The accrual of certain causes of action . . . is postponed 'until the plaintiff discovers, or has reason to discover, the cause of action.'" (Banke & Segal, Cal. Practice Guide: Civil Procedure Before Trial—Statutes of Limitation (The Rutter Group 2022), ¶ 3:100, p. 3-23, quoting *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 C4th 797, 807.) "'A common tread seems to run through all the types of actions where courts applied the discovery rule. The injury or the act causing the injury, or both, have been difficult for the plaintiff to detect.'" (Banke & Segal at ¶ 3:101, pp. 3-23 to 3-24, quoting *April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 831.).) "'The policy reason behind the discovery rule is to ameliorate a harsh rule that would allow the limitations period for filing suit to expire before a plaintiff has or should have learned of the latent injury and its cause." (Banke & Segal at ¶ 3:120, p. 3-27, quoting *Eisenberg Village of Los Angeles Jewish Home for the Aging v. Suffolk Const. Co., Inc.* (2020) 53 Cal.App.5th 1201, 1203.)

13. The City's conduct was a substantial factor in causing harm to the plaintiffs.

14. The breach by the City, including the failure to include SRT Pay in pension calculations, was a substantial factor in causing harm to plaintiffs.

## SECOND CAUSE OF ACTION

## MANDAMUS AGAINST THE CITY AND DOES 11-20

15. Plaintiffs incorporate all previous paragraphs of this complaint as if fully set forth here.

16. Mandamus lies in an action to enforce a public employee's memorandum of understanding (*Glendale City Employees Assn., Inc. v. City of Glendale* (1975) 15 Cal.3d 328,

3

Complaint for Breach of Written Contract and Mandamus

343.) Ordinary mandamus (Code Civ. Proc., § 1085) will lie to correct the City's breach of the MOUs, including the failure to include SRT Pay in pension calculations. (*Glendale* at p. 344, fn. 24.)

17.     The plaintiffs alternatively plead that the have no other adequate remedy than mandamus.

WHEREFORE, plaintiffs pray for the following:

1.     For general damages according to proof.

2.     For the court to issue a writ of mandamus compelling the City to correct its failure to comply with its MOUs by paying SRT Pay. The writ of mandamus should also correct all pension calculations.

3.     For any necessary injunctive relief.

4.     For pre-judgment interest.

5.     For costs of the suit incurred by the plaintiffs;

6.     For reasonable attorney fees incurred by the plaintiffs;

7.     For such additional and further relief as this Court may deem just.

Dated:  June 17, 2022          **LAW OFFICE OF MICHAEL A. CONGER**

By:  _____
Michael A. Conger
Attorney for Plaintiffs

Complaint for Breach of Written Contract and Mandamus